IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GAMEZ, 29226-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-2721-D-BK |
| | § | (3:11-CR-081-D-03) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, and was sentenced to 235 months' imprisonment and a five-year term of supervised release. *United States v. Gamez*, 3:11-CR-081-D-03 (N.D. Tex. Mar. 5, 2012), *app. dismissed*, No. 13-10582 (5th Cir. Dec. 2, 2013) (declining to consider ineffective assistance of counsel claim not raised in the district court). In the sole ground alleged in this timely section 2255 motion, Petitioner asserts retained counsel rendered ineffective assistance during the plea proceedings and at sentencing. [Doc. 2 at 7].

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not

1

entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

2

*Ineffective Assistance During Guilty Plea Proceedings*

Petitioner asserts defense counsel rendered ineffective assistance during the guilty plea proceedings. His section 2255 motion contends generally that counsel failed to

> (1) conduct a prompt and reasonable factual and legal investigation; (2) fully and timely inform Movant of the relevant law, application of the law to the facts, and all available options and consequences; (4) negotiate a binding plea with more concessions from the government; (5) inform and lack of understanding of the Sentencing Guidelines relating to relevant conduct and sentencing enhancements; (6) advise Movant about the sentencing impact of his role in the offense and drug quantity.

[Doc. 2 at 7].

In his declaration, Petitioner explains that neither Carlton McLarty (the Federal Public Defender initially appointed in his case) nor Steven Hayden (the attorney his family later retained) advised him of his "true sentence exposure and how speaking with authorities would impact [his] imposed sentence." [Doc. 3 at 1-2]. Petitioner states that Hayden "anticipated [his] sentence exposure at five to seven . . . years," and that he did not learn of his actual sentencing range until he reviewed the Presentence Report (PSR). [Doc. 3 at 3]. Petitioner also claims that Hayden did not inform him that "despite a 5K1.1 downward departure motion, [he] could still be subject[ed] to potential enhancement based on information [he] disclosed." [Doc. 3 at 2, 3]. Petitioner avers that if he had known of the potential for enhancement (leadership role and using a minor in the offense), he would have taken measures to mitigate their effects and "leveraged [his] substantial assistance to receive a binding plea." [Doc. 3 at 3-4].

Petitioner's assertions are belied by the record. During re-arraignment, he confirmed under oath that he faced a mandatory minimum sentence of ten years. [Crim. Doc. 167 at 12]. The mandatory ten-year-minimum sentence was also noted in the plea agreement, which Petitioner admitted reviewing and discussing with counsel and understanding in its entirety.

[Crim. Doc. 167 at 8-9; Crim. Doc. 50 at 2]. In addition, Petitioner assured the Court that he was satisfied with defense counsel's representation, that he had discussed the advisory sentencing guidelines with counsel who explained to him how they worked, and that no one had made any predictions or promises about the sentence. [Crim. Doc. 167 at 7, 14]. Petitioner affirmed that he understood only the Court would determine and assess the sentence after considering the PSR and consulting the Sentencing Guidelines, and that he would be bound by his plea even if the sentence was higher than expected. [Crim. Doc. 167 at 14-17].

Although Petitioner now contends otherwise, a defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Moreover, Petitioner had eleven months between the entry of his guilty plea and sentencing. Yet, at sentencing, he did not advise the Court that he was dissatisfied with defense counsel's conduct during the plea negotiation or the lack of guidance regarding the potential for enhancement.

Regarding the latter, Petitioner claims that counsel failed to advise him that his sentence could be enhanced based on information disclosed during his assistance to the government. [Doc. 3 at 2, 3]. However, the plea agreement supplement, which Petitioner and counsel signed, protected Petitioner from such eventuality. [Crim. Doc. 52 at 1]. The government not only "agree[d] that U.S.S.G. § 1B1.8 was applicable to the defendant," but also that "[a]ny information provided by the defendant, other than that charged in the indictment, in connection with the defendant's assistance to the United States, including debriefing and testimony, [would] not be used to increase the defendant's Sentencing Guideline level or used against the defendant

4

for further prosecution, if in the opinion of the United States Attorney, defendant ha[d] met all of the defendant's obligations under the Plea Agreement and provided full, complete, and truthful information and testimony." [Crim. Doc. 52 at 1-2]. Accordingly, the Court concludes that counsel provided reasonable professional assistance during the plea proceedings.

Nevertheless, even assuming deficient performance, Petitioner has shown no prejudice. He asserts that "[b]ut for retained Counsel's . . . deficient performance, there is a reasonable probability the outcome of the criminal process would have been different by reason of a plea to a lesser charge or sentence of less prison time." [Doc. 2 at 7]. He also contends that with effective counsel, he "would have been afforded the opportunity to enter into a binding cooperation agreement in conjunction with his 5KI.I downward departure motion with the government." [Doc. 2 at 7]. However, both assertions are conclusory and unsupported. The indictment charged Petitioner with a single count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. [Crim. Doc. 21]. Petitioner does not expound on whether the Government would have acquiesced to a lesser charge when the PSR held him responsible for 80 kilograms of cocaine. [Crim. Doc. 69-1 at 11]. Nor does he present anything in support of his claim that "a binding plea" or a "binding cooperation agreement" with the government was even possible.

Insofar as Petitioner asserts counsel failed to "conduct a prompt and reasonable factual and legal investigation," his claim fares no better. [Doc. 2 at 7]. He has presented only a bare allegation of counsel's failure to investigate. That is insufficient to sustain his claim. *See United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014), *cert. denied*, 2014 WL 5308405 (U.S. 2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted*

*him."*) (quoted case omitted, emphasis in original).  He has failed to show with specificity what the investigation would have revealed and how it would have altered the outcome of his plea.  *Id. at 277-278*.

Accordingly, Petitioner's claims of ineffective assistance during the plea proceedings fail.

*Ineffective Assistance at Sentencing*

Petitioner also asserts ineffective assistance of counsel at sentencing.  He claims counsel failed to "(6) establish the buyer-seller relationship among Movant's co-defendants instead of a leader/organizer role; (7) present mitigating circumstances that would warrant a sentence of less time; [and] (8) file for a continuance of sentencing so that effective defense could be presented with various witnesses in mitigating enhancements." [Doc. 2 at 7].

The record contradicts Petitioner's assertion that defense counsel failed to offer any evidence or legal authority to challenge the leader/organizer role at sentencing.  Indeed counsel filed extensive objections to the PSR, specifically challenging the leader/organizer role.  [Crim. Doc. 136].  At sentencing, he presented Petitioner's own testimony in support of the objection to the leader/organizer role.  [Crim. Doc. 150 at 4-23].  Ultimately, the Court overruled counsel's objection, concluding Petitioner met the criteria for leader/organizer.  [Crim. Doc. 150 at 35]. Counsel's representation was not ineffective merely because he was unsuccessful in his efforts to object to the leader/organizer role, especially in light of the PSR, Addendum, and the DEA agent's detailed testimony at sentencing.

Dissatisfied with the leader/organizer enhancement, Petitioner claims that he "would have provided more information" if he had "known that the arrangement between my co-conspirators was more of buyer/seller relationship than me directing them." [Doc. 3 at 3].  Yet his pleadings are silent as to what more he could have testified at sentencing to disprove his

involvement as a leader/organizer. Likewise, even if the "lead investigator was not present" at sentencing, as Petitioner claims [Crim. Doc. 3 at 4], another DEA agent was available to testify regarding his leadership role in the offense. [Crim. Doc. 150 at 23-31]. Petitioner also contends that counsel did not "present mitigating circumstances that would warrant a sentence of less time." [Doc. 2 at 7]. However, his claim is conclusory. Petitioner does not explain what mitigating circumstances counsel could have presented at sentencing. In addition, contrary to his assertions, counsel twice sought to continue sentencing because of ongoing cooperation with the government, and twice to obtain additional time to prepare for sentencing. [Crim. Doc. 81; Crim. Doc. 113; Crim. Doc. 125; Crim. Doc. 137].

In summary, Petitioner has failed to demonstrate that counsel's performance at sentencing was deficient or that he was prejudiced. Accordingly, his claims fail.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED January 8, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE